

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANCISCO TINEO-SANTOS,                         :
                                                :
                      Petitioner,               :
                                                :     **OPINION AND ORDER**
          -v-                                   :
                                                :
                                                :     19-CV-5038 (MKV) (JLC)
                                                :
PAUL PICCOLO, Superintendent of                 :
Southport Correctional Facility,                :
                                                :
                      Respondent.               :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Before the Court is petitioner Francisco Tineo-Santos' motion for leave to amend his habeas corpus petition to include a new ineffective assistance of counsel claim and to stay and hold in abeyance this habeas proceeding while he exhausts this new claim in state court. For the reasons set forth below, Tineo-Santos' motion is denied.

## I.  BACKGROUND

On January 18, 2013, Tineo-Santos was convicted of second-degree murder in the Supreme Court of the State of New York, Bronx County and sentenced to 25 years to life. Declaration of Alexander M. Dudelson, dated February 27, 2020, Dkt. No. 26 ("Dudelson Decl."), Exhibit A, Dkt. No. 26-1, ¶¶ 2, 3, 5. Tineo-Santos challenged the conviction by bringing an ineffective assistance of counsel claim under New York Criminal Procedure Law Section 440.10 on April 13, 2016. Dudelson Decl., Ex. A, ¶ 11. According to Tineo-Santos, his trial counsel failed to

1

present any arguments at a *Huntley* hearing to suppress two incriminating statements—a written statement that was obtained from him by a detective at St. Barnabas Hospital on May 10, 2009 approximately three hours after he had undergone surgery, and a video statement obtained by an assistant district attorney the following day—and instead his trial counsel simply rested on the record. Dudelson Decl., Ex. B at 2, 5.  Ultimately, these two statements were not suppressed because, Tineo-Santos alleges, his trial counsel "made no real attempt to suppress what he himself considered the 'most important' evidence in the prosecution's case."  Petitioner's Memorandum in Support of Motion for Leave to Amend, Stay and Hold in Abeyance ("Pet. Mem."), Dkt. No. 28 at 4.

In support of his Section 440.10 motion, Tineo-Santos argued that his trial counsel failed to challenge the voluntariness of certain inculpatory statements, to argue that the prosecution failed "to meet its burden of proof when it did not call the detective who took the petitioner's statement," or to "call the detective who had taken Mr. Tineo-Santos' written statement, and thus introduced nothing at the hearing concerning the circumstances surrounding the taking of the statement," which amounted to ineffective assistance of counsel.  Dudelson Decl., Ex. A, ¶¶ 12, 30.  The trial court denied the Section 440.10 motion on November 21, 2016. *Id.* ¶ 11.  In a consolidated appeal, the Appellate Division, First Department on April 10, 2018 affirmed the trial court's ruling on the Section 440.10 motion, denied Tineo-Santos' argument on direct appeal that his statements should have been suppressed, and affirmed Tineo-Santos' conviction.  Dudelson Decl. Ex. H.  The New

York State Court of Appeals subsequently denied leave to appeal on May 31, 2018. Dudelson Decl., Ex. A, ¶ 9.

On May 30, 2019, Tineo-Santos, represented by counsel, filed a petition for a writ of habeas corpus along with supporting papers, in which he claims that the state court decisions were based on "an unreasonable application of clearly established Federal law" that violated his Sixth Amendment right to a fair trial and effective assistance of counsel. *Id.* ¶ 23; Petitioner's Memorandum in Support of his Claims for Habeas Corpus Relief, Dkt. No. 3. Respondent filed a memorandum of law and declaration in opposition to the petition on November 18, 2019. Declaration of T. Charles Won in Opposition to Petition for a Writ of Habeas Corpus and Memorandum of Law, Dkt. No. 13.

On February 28, 2020, before submitting any reply papers, Tineo-Santos filed the instant motion to amend and to stay, and to hold in abeyance his petition in light of evidence produced by the New York City Police Department in response to a Freedom of Information Law ("FOIL") request. Notice of Motion, Dkt. No. 25; Dudelson Decl.; Declaration of Francisco Tineo-Santos ("Tineo-Santos Decl."), Dkt. No. 27; Pet. Mem. Specifically, on August 27, 2019, the NYPD produced to Tineo-Santos "a 911 SPRINT Report and (3) Complaint Follow-Up Reports detailing witness statements" (the "911 Report"). Pet. Mem. at 4. Tineo-Santos contends that the 911 Report "creates a significant presumption of innocence," Ex. J at ¶ 12, "Ground Two: Ineffective assistance of counsel" at (a), because it suggests that another person was at the scene of the crime. Pet. Mem. at 9–10.

3

Although Tineo-Santos alleges that he first became aware of the 911 Report when it was produced to him in response to his FOIL request, the report was, in fact, maintained in both his trial and appellate counsel's files. Pet. Mem. at 4 ("Upon review of [trial counsel] and [appellate counsel's] file, the 911 report was in fact located."). In light of these circumstances, Tineo-Santos seeks to bring an ineffective assistance of counsel claim as a result of trial counsel's failure to introduce the 911 transcript at trial, and appellate counsel's failure to "appraise the Supreme Court, Bronx County of the existence of the 911 recording." Dudelson Decl., Ex. J ¶ 12.[1] Respondent submitted a memorandum of law and declaration in opposition to the motion on April 10, 2020, arguing that the motion should be denied for failing to establish good cause and because it would be futile to amend. Declaration of T. Charles Won in Opposition to Petition for a Stay and Abeyance and to Amend the Filed Habeas Petition ("Won Decl.") and Memorandum of Law, Dkt. No. 24 ("Resp. Mem."). No reply papers were filed.

---

[1] Although Tineo-Santos proposes to amend his petition to add just a single additional claim, "Ground Two: Ineffective assistance of counsel," he appears to be asserting two separate ineffective assistance of counsel claims under this caption— one against his trial counsel and one against his appellate counsel—premised on each counsel's failure to introduce the 911 Report. *See* Dudelson Decl., Ex. J ¶ 12; *see also* Pet. Mem. at 4–5 ("Mr. Tineo-Santos is now desirous of raising this unexhausted habeas claim premised upon the [appellate counsel's] failure to raise this issue in his New York Criminal Procedure Law § 440.10 application."). Accordingly, the Court will treat this claim as two separate claims and address them individually, when appropriate.

4

## II. LEGAL STANDARDS

### A. Motion to Amend

A motion to amend a habeas petition is governed by Federal Rule of Civil Procedure 15(a). *Littlejohn v. Artuz,* 271 F.3d 360, 362–63 (2d Cir. 2001); *see also* 28 U.S.C. § 2242 (An "[a]pplication for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or leave of the court, and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied "where the amendment would be futile." *Cuevas v. United States,* No. 10-CV-5959 (PAE) (GWG), 2013 WL 655082, at *6 (S.D.N.Y. Feb. 22, 2013) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Courts have found it futile to grant leave to amend a habeas petition where the claims that a petitioner is seeking to add would be time-barred under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations, *Sookoo v. Heath*, No. 09-CV-9820 (JGK), 2011 WL 6188729, at *3 (S.D.N.Y. Dec. 12, 2011), or where the claims are procedurally barred, *Garavito-Garcia v. United States*, No. 17-CV-5798 (JSR) (SLC), 2019 WL 6884858, at *3 (S.D.N.Y. Nov. 13, 2019), *adopted by* No. 12-CR-839-1 (JSR), 2019 WL 6878346 (Dec. 17, 2019). Allowing a petitioner to amend his habeas petition to include an unexhausted claim "would [also] be futile if the court also declined to use the stay and abeyance procedure while the petitioner exhausts the claim in state court." *Spells v. Lee*, No.

5

11-CV-1680 (KAM) (JMA), 2012 WL 3027865, at *5 (E.D.N.Y. July 23, 2012) (citing *Rivera v. Ercole*, No. 07-CV-3577 (RMB) (AJP), 2007 WL 2706274, at *22 (S.D.N.Y. Sept. 18, 2007)); *see also Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *4 (E.D.N.Y. Feb. 8, 2006) (If the court "is not prepared to grant petitioner a stay pending his exhaustion of [two unexhausted] claims, it would be futile to grant leave to amend the petition.").

### B. Motion to Stay and Hold in Abeyance

"When a habeas petition is a 'mixed' one—that is, one containing both exhausted and unexhausted claims—a district court has discretion to hold the petition in abeyance to permit a petitioner to exhaust the unexhausted claims." *Wilson v. Capra*, 281 F. Supp. 3d 289, 290 (E.D.N.Y. 2017) (citing *Rhines v. Weber,* 544 U.S. 269, 277 (2005)). "[S]tay and abeyance should be available only in limited circumstances" so as not to undermine the "twin purposes" of the federal habeas statute: "encouraging finality" and "streamlining federal habeas proceedings." *Rhines,* 544 U.S. at 277. "Courts may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory litigation tactics." *Perkins v. LaValley*, No. 11-CV-3855 (JGK), 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (citing *Rhines,* 544 U.S. at 277–78).

6

### III. DISCUSSION

#### A. Tineo-Santos' Claims are Untimely

The AEDPA "imposes a one-year statute of limitations on habeas corpus petitions, effective generally on 'the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review.'" *Sookoo*, 2011 WL 6188729, at *3 (quoting 28 U.S.C. § 2244(d)(1)(a)). "A conviction becomes final upon the expiration of the 90-day period a defendant has to petition for a writ of certiorari." *Corbin v. Perez*, No. 14-CV-3200 (ER) (MHD), 2015 WL 3972252, at *5 (S.D.N.Y. June 26, 2015).

Here, Tineo-Santos' conviction became final on August 29, 2018, or 90 days after the New York Court of Appeals denied his application for leave to appeal on May 31, 2018. Dudelson Decl., Ex. A, ¶ 9; *see* Dkt. No. 1-5. Therefore, Tineo-Santos had until August 29, 2019 to add any additional claims; however, he filed his motion to amend his habeas petition on February 28, 2020, well after the one-year statute of limitations had expired. Accordingly, Tineo-Santos' new ineffective assistance of counsel claims are time-barred, unless they can be deemed to relate back to the original petition.

#### B. Tineo-Santos' Claims Relate Back to His Original Petition

Where "the federal limitations period has run, a habeas petitioner may only amend his petition to add additional claims if the amended petition would 'relate back to the filing date of the original [petition].'" *Jeffrey v. Capra*, No. 20-CV-232 (RPK), 2020 WL 4719629, at *3 (E.D.N.Y. Aug. 12, 2020) (quoting *Mayle v. Felix*,

7

545 U.S. 644, 648 (2005)); *Nash v. Griffin*, No. 13-CV-6150 (KMK) (LMS), 2017 WL 3769323, at *5 (S.D.N.Y. Aug. 30, 2017).  For new claims to relate back, they must share "a common core of operative facts" with the original petition.  *Mayle*, 545 U.S. at 664; Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").  However, an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."  *Mayle*, 545 U.S. at 650.

Although Tineo-Santos makes no attempt to argue that the amended claims relate back to his original petition, Respondent concedes that the new claims and the original petition "certainly share a common core of operative facts" such that "the new claim may relate back to the original petition."  Resp. Mem. at 5.[2] Accordingly, for purposes of this motion, the Court will assume that the proposed new claims relate back and are timely.

### C. Tineo-Santos's Claims are Not Procedurally Barred

A motion to amend will be denied as futile where petitioner's claims are procedurally barred.  *See, e.g., Garavito-Garcia*, 2019 WL 6884858, at *2

---

[2] Based on the amended petition, it appears that Tineo-Santos does not contemplate that the amended claim could be deemed untimely as he simply notes under the "timeliness of petition" section that "Ground Two has never been raised in the State Court." Dudelson Decl., Ex. J ¶ 18.

8

("Procedural default can also make a proposed amendment 'futile'"); *Holguin v. Lee*, No. 13-CV-1492 (LGS) (JLC), 2013 WL 3344070, at *4 (S.D.N.Y. July 3, 2013) (denying motion to amend petition and stay habeas proceedings where new claims are procedurally defaulted). On this issue, Tineo-Santos contends that his claims are not barred "[s]ince [they are] based upon off-the-record conduct" and "could not have been raised on direct appeal." Pet. Mem. at 8. Although he fails to provide any further clarification on this point, Tineo-Santos appears to argue that the new claims are not procedurally barred because they could be brought through another Section 440.10 motion. Respondent counters that "petitioner was in position to have raised, in his prior NYCPL § 440.10 motion, the instant argument that trial counsel failed to utilize the [911] report," and therefore any new section 440.10 motion would be "procedurally barred pursuant to NYCPL § 440.10(3)(c), since he should have included it in his first application, but unjustifiably failed to do so." Resp. Mem. at 8.[3]

Under New York law, "[t]he appropriate vehicle for asserting a claim of ineffective assistance of counsel grounded in allegations referring to facts outside the record is a motion pursuant to CPL 440.10." *People v. Walters*, 183 A.D.3d 765, 766 (2d Dep't 2020). "New York State law permits multiple such motions, although a state court reviewing a successive § 440.10 motion may deny it if it contains

---

[3] At the same time, Respondent also contends that Tineo-Santos could have filed a second section 440.10 motion to allege an ineffective assistance of counsel claim based on the 911 recording in order to toll the one-year limitation for filing the habeas petition in this case, but failed to do so and therefore should be barred from doing so now. Resp. Mem. at 7.

9

claims which could have been raised in the earlier motion but were not." *Lue v. Marshall*, No. 08-CV-3834 (DAB), 2014 WL 787327, at *15 (S.D.N.Y. Feb. 24, 2014); NYCPL § 440.10(3)(c) ("the court may deny a [Section 440.10] motion to vacate a judgment when . . . [u]pon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so").  Under this discretionary standard, New York courts have declined to procedurally bar a successive 440.10 motion—even where defendant could have raised his ineffective assistance of counsel claim in a prior 440.10 motion—where granting the motion would be "in the interest of justice and for good cause shown." *People v. Hamilton*, 115 A.D.3d 12, 28 (2d Dep't 2014) (the "[New York] Supreme Court should have considered the defendant's ineffective assistance of counsel claim [presented on a second 440.10 motion] on the merits in the interest of justice" because defendant's trial counsel's failure "to name all the alibi witnesses in the notice of alibi could constitute ineffective assistance of counsel").

      Here, neither of Tineo-Santos' claims is procedurally barred.  First, Tineo-Santos' ineffective assistance claim against his trial counsel is based on off-the-record evidence—specifically, counsel's failure to introduce the 911 transcript—and, therefore, must be asserted through a Section 440.10 motion.  "Even though [Tineo-Santos] has already brought one motion under Section 440.10, there is no state statute of limitations that would bar him from bringing a second such motion, and, while the trial court, in its discretion, has the authority to deny a claim that could

10

have been raised in an earlier collateral motion [under N.Y.C.P.L. § 440.10(3)(c)], there is no absolute rule in New York prohibiting successive Section 440.10 motions." *Ortiz v. Attica Corr. Facility*, No. 15-CV-2698 (WHP) (DF), 2017 WL 7736415, at *16 (S.D.N.Y. Nov. 21, 2017), *adopted by* 2018 WL 1010295 (Feb. 20, 2018). Indeed, courts have found that "[i]n order for a claim to be barred from habeas review, the state court 'must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" *Davis v. Greene*, No. 04-CV-6132 (SAS), 2008 WL 216912, at *5 (S.D.N.Y. Jan. 22, 2008).

Although it is certainly possible that the state court may deny a second Section 440.10 motion as procedurally barred—particularly where Tineo-Santos was in possession of the evidence at the time of his first motion—the Court "cannot say with certainty, under the circumstances presented here, that petitioner could not return to state court, and thus, this claim would not be [deemed exhausted and] procedurally defaulted." *Borcyk v. Lempke*, 727 F. Supp. 2d 189, 193 (W.D.N.Y. 2010); *see, e.g.*, *Hall v. Phillips*, No. 05-CV-1981 (RJH) (RLE), 2010 WL 6612518, at *4 (S.D.N.Y. Apr. 14, 2010) ("[B]ecause Section 440.10(3) is a permissive, rather than mandatory, bar to raising claims, [petitioner] might be able to present the claim on a second Section 440.10 motion; *i.e.* [petitioner] is not procedurally barred from raising the claim in state court.").[4] Accordingly, Tineo-Santos' claim of ineffective assistance of trial counsel is not procedurally barred.

---

[4] Respondent cites *Rosas v. Artus*, No. 05-CV-8440 (RJS), 2013 WL 499610 (S.D.N.Y. Jan. 29, 2013), for the proposition that federal courts deny unexhausted ineffective assistance of counsel claims "because the state court would likely find it

11

Second, Tineo-Santos' ineffective assistance of appellate counsel claim is based on appellate counsel's failure to proffer the 911 recording in support of the Section 440.10 motion.  Unlike ineffective assistance of trial counsel claims, an ineffective assistance of appellate counsel claim should be brought by way of a writ of error *coram nobis* and not—as Tineo-Santos suggests in his papers—through a Section 440.10 motion.  *See Ortiz*, 2017 WL 7736415, at *11; *Davidson v. Capra*, No. 15-CV-9840 (LGS) (JLC), 2016 WL 4719685, at *5 (S.D.N.Y. Sept. 9, 2016) ("the only way to raise an ineffective assistance of appellate counsel claim is through a *coram nobis* petition"), *adopted by* 2016 WL 6248449 (Oct. 26, 2016).  However, like Section 440.10 motions, there is no time limit for filing a *coram nobis* petition, *Garraway v. Phillips*, No. 02-CV-9657 (JSR) (HBP), 2004 WL 1088097, at *4 (S.D.N.Y. May 14, 2004), and nothing in the record suggests that Tineo-Santos would otherwise be barred from bringing such a petition in state court.  Accordingly, Tineo-Santos is not procedurally barred from bringing a writ of error *coram nobis* to assert his unexhausted ineffective assistance of appellate counsel claim.

---

procedurally barred pursuant to [NYCPL § 440.10(3)(c)]."  Resp. Mem. at 9 (citing to *Rosas*, 2013 WL 499610 at *5).  However, Respondent does not include the entire quote from *Rosas*, which continued: "particularly given that the state court has already invoked those procedural bars in denying Petitioner's second section 440.10 motion." *Id.* at *5.  These circumstances—where the state court has previously denied a second Section 440.10 motion as procedurally barred and therefore is unlikely to entertain another attempt to bring a successive 440.10 motion—are distinguishable from the facts here, where the state court has not yet had an opportunity to rule on a second 440.10 motion.

12

### D. Tineo-Santos Has Not Established "Good Cause"

Even if Tineo-Santos could establish that he is not otherwise precluded from adding unexhausted claims to his petition, his motion must still be denied unless he can demonstrate that: "(1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) [he] did not intentionally engage in dilatory litigation tactics." *Perkins*, 2012 WL 1948773, at *1 (citing *Rhines,* 544 U.S. at 277–78).

As to the first element, Tineo-Santos has failed to show "good cause." Without addressing "good cause" directly, Tineo-Santos proffers that he only recently became aware of the 911 recording after receiving the evidence from the NYPD on August 27, 2019 in response to his FOIL request. Pet. Mem. at 4.[5] While "[n]ewly discovered evidence can at times serve as good cause for failure to exhaust a claim," *Murray v. Cunningham*, No. 19-CV-767 (MKB), 2019 WL 4279287, at *3 (E.D.N.Y. Sept. 10, 2019), courts have declined to find "good cause" where, as here, the evidence could have been found by petitioner with due diligence. *See, e.g., Bradley v. LaClair*, 599 F. Supp. 2d 395, 407 (W.D.N.Y. 2009) (no "good cause" where newly discovered evidence was available to petitioner with due diligence). That is because, consistent with other courts' rulings in this District, good cause

---

[5] Indeed, "good cause" is inexplicably not even mentioned in Tineo-Santos' memorandum in support of his motion.

13

requires that "some factor external to the petitioner gave rise to his failure to assert the claims in state court." *Corbin*, 2015 WL 3972252, at *3.[6]

As Respondent points out, and as Tineo-Santos acknowledges in his moving papers, the 911 transcript that forms the basis of the new ineffective assistance of counsel claims was contained in both the trial and appellate counsel's file. Pet. Mem. at 4; Resp. Mem. at 7. Tineo-Santos provides no reason why he could not have previously discovered the 911 recording with the exercise of due diligence—particularly when the 911 transcript was available in the trial record and apparently in his possession. *See* Tineo-Santos Decl. ¶ 20. Although the 911 recording was allegedly brought to Tineo-Santos' attention when it was provided to him in response to his FOIL request, this reason, without more, falls short of establishing "good cause" for his failure to file a section 440.10 motion prior to bringing his habeas petition. *See, e.g.*, *Jeffrey v. Capra*, No. 20-CV-232 (RPK), 2020 WL 4719629, at *3 (E.D.N.Y. Aug. 12, 2020) (finding no "good cause" where evidence was "brought to petitioner's attention" but he made "no showing that he could not have previously learned of [this evidence] by exercising due diligence"). Indeed, there is no reason offered why Tineo-Santos and his counsel could not have

---

[6] As Respondent observes, Resp. Mem. at 5–6, the Second Circuit has not yet addressed the question of what constitutes "good cause" under *Rhines*. *See Ramirez v. Superintendent*, No. 17-CV-7185 (PAE) (HBP), 2019 WL 3714992, at *3 (S.D.N.Y. Aug. 6, 2019). In the circumstances presented here, the Court believes that a showing of some external factor is appropriate (as opposed to a standard requiring "reasonable confusion" on the part of petitioner as to the timeliness of a state law claim, which more often would apply in a *pro se* case).

14

discovered the 911 Report while reviewing prior counsels' files in preparing the original petition. Accordingly, Tineo-Santos has failed to establish "good cause" with respect to his proposed new ineffective assistance of trial counsel claim.

Similarly, to the extent he also seeks to challenge his appellate counsel's effectiveness in state court, Tineo-Santos has failed to provide "any explanation as to why he has not yet instituted a *coram nobis* proceeding" with respect to this claim. *Leftenant v. The Attorney General of the State of New York*, No. 20-CV-0436 (JS), 2020 WL 6292450, at *1 (E.D.N.Y. Oct. 27, 2020) (citation and quotations omitted). In fact, Tineo-Santos has not expressed any intention of filing a writ of error *coram nobis* as to this claim, which is the proper vehicle in state court for bringing an ineffective assistance of appellate counsel claim.[7] Accordingly, Tineo-Santos has failed to meet his burden by showing "good cause" for not exhausting his ineffective assistance of appellate counsel claim prior to instituting this habeas proceeding. *See, e.g.*, *McCrae*, 2012 WL 3800840, at *9 (rejecting petitioner's assertion that ineffective assistance of appellate counsel demonstrated "good cause" because, even assuming that "his appellate counsel was deficient in failing to raise

---

[7] Although Tineo-Santos' counsel oddly does not mention it, Tineo-Santos, proceeding *pro se*, apparently filed a *coram nobis* writ on February 10, 2020 alleging ineffective assistance of appellate counsel on a variety of grounds, but not on the ground presented here. Tineo-Santos' counsel informed counsel for Respondent that this application is "unrelated" to the proceeding, though does not address why the claim at issue was not presented in that application. Won Decl. ¶ 13 & n.2. Tineo-Santos separately sent a letter to the Court dated September 8, 2020 (Dkt. No. 29) regarding a civil action he brought *pro se* challenging his conviction, *Tineo-Santos v. Cross et al.*, No. 20-CV-4493 (LLS), which was dismissed, *inter alia*, on statute of limitations grounds and for failure to state a claim last year. It has no bearing on either the petition or the current motion.

15

certain issues on appeal, [it does not] explain [ ] why petitioner came to federal court before filing a . . . writ of *coram nobis*"); *Redd v. Woughter*, No. 09-CV-9819 (JGK), 2010 WL 4983169, at *1 (S.D.N.Y. Dec. 3, 2010) (no "good cause" where petitioner provided no reason for not exhausting his ineffective assistance of appellate counsel claim before bringing his current habeas petition).[8]

Because Tineo-Santos "has failed to demonstrate 'good cause' for his failure to exhaust, the Court need not consider whether the claims he seeks to exhaust are 'plainly meritless' or whether [he] engaged in deliberate delay." *Garcia v. LaClair*, No. 06-CV-10196 (SHS) (DF), 2008 WL 801278, at *4 (S.D.N.Y. Mar. 24, 2008).[9] Accordingly, Tineo-Santos' request for a stay and to hold this proceeding in abeyance is denied. "[T]he Court's refusal to grant a stay necessarily means that it would be futile to grant [Tineo-Santos'] request to amend the petition, since he would be adding unexhausted claims on which the Court could not grant habeas relief." *Jones v. Miller*, No. 14-CV-9774 (PAC) (GWG), 2016 WL 8471357, at *9

---

[8] Although "'[m]ost district courts have ruled that ineffective assistance of counsel suffices to show good cause' in the stay-and-abeyance context," *Holguin*, 2013 WL 3344070, at *3, Tineo-Santos has not argued that ineffective assistance of counsel constitutes "good cause." Even if he had, he would need to demonstrate that appellate counsel's actions would have prevented him from bringing these claims earlier. Based on his own declaration, however, the only reason for his delay is that the 911 Report was only brought to his attention recently, which, as stated above, is not sufficient to establish good cause. *See* Tineo-Santos Decl. ¶ 20.

[9] While the Court does not reach the merits, there does not appear to be anything in the record containing any mention of Tineo-Santos ever describing (in his statements or otherwise) a third individual in the livery cab, which is ostensibly why he has now presented the 911 Report as the predicate for his proposed new claims. He alleges only that he "always stated" the existence of a third person to his attorneys. *See* Tineo-Santos Decl. ¶ 22.

16

(S.D.N.Y. May 17, 2016), *adopted by* 2017 WL 980335 (Mar. 9, 2017). As a result, Tineo-Santos' motion to amend is also denied.

## IV. CONCLUSION

For the reasons set forth above, Tineo-Santos' motion to amend his petition and stay and hold in abeyance these habeas proceedings is denied. The Clerk is respectfully directed to close Docket No. 25 and mark it as "denied."

If Tineo-Santos wishes to submit reply papers in response to Respondent's opposition to the petition (which were originally due on January 6, 2020 (Dkt. No. 16) but never filed), he has until **February 19, 2021** to do so.

**SO ORDERED.**

Dated: January 27, 2021
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

17