USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO TINEO-SANTOS,

                Petitioner,

-against-

PAUL PICCOLO, Superintendent of Southport Correctional Facility,

                Respondent.

19-CV-5038 (MKV)

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

---

MARY KAY VYSKOCIL, United States District Judge:

    Petitioner Francisco Tineo-Santos filed a petition for a writ of habeas corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254, challenging his state court conviction for second-degree murder. (Petition For Writ Of Habeas Corpus ("Pet.") [ECF No. 1]). In his habeas petition, Mr. Tineo-Santos challenges the state-court decision denying his ineffective assistance of counsel ("IAC") claim, arguing that his trial counsel, David Segal, failed at a pre-trial *Huntley* hearing,[1] to adequately challenge statements made by Mr. Tineo-Santos in which he confessed to shooting Roberto Pita, the victim in his state court charge for second-degree murder. (*See* Pet. ¶ 12(a); Petitioner's Memorandum in Support of his Claims for Habeas Corpus Relief ("Pet. Br.") 19–28).

    Magistrate Judge James L. Cott issued a thorough and carefully reasoned Report and Recommendation (the "Report") that the Habeas Petition be denied. (Report and Recommendation ("Report") [ECF No. 53] at 30).[2] Petitioner and Respondent Paul Piccolo each timely filed objections. (Respondent's Objections [ECF No. 56], Petitioner's Objections [ECF No. 57].)

---

[1] A *Huntley* hearing is held pursuant to *People v. Huntley*, 15 N.Y.2d 72, 77–78, 204 N.E.2d 179, 183, 255 N.Y.S.2d 838, 843 (N.Y. 1965), to determine the admissibility of statements made by a criminal defendant.

[2] Magistrate Judge Cott also denied the Petitioner's motion for reconsideration of a denial of his motion for leave to amend and to stay the proceeding and yet another extension request, to which neither party has objected. (Report at 30).

**PROCEDURAL BACKGROUND**

The relevant facts underlying this action are set forth in the Report, and the Court assumes familiarity with them. In his habeas petition, Petitioner alleges that he did not receive effective assistance of counsel because, at the *Huntley* hearing, his trial counsel failed to make an adequate challenge to a written and a video confession he had given. (Pet. ¶ 12(a); Pet. Br. 19–28). Plaintiff challenged his conviction on this ground to the trial court, and on appeal to the Appellate Division, which denied Petitioner's claim that his statements should have been suppressed. (Report at 2). The New York Court of Appeals later denied Petitioner leave to appeal. (Report at 2–3).

In recommending denial of the petition, Magistrate Judge Cott found that Petitioner had not established that the First Department's decision to deny his IAC claim was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which both sides agree govern Petitioner's claim. (Report at 30). *Strickland* lays out a two-part test. First, Petitioner must establish "that [his] counsel's representation fell below an objective standard of reasonableness." 466 U.S. at 688. And second, Petitioner "must show that the deficient performance prejudiced the defense." *Id.* at 687.

Magistrate Judge Cott analyzed the First Department's order denying Mr. Tineo-Santos' IAC claim as to both the video statement and the written statement. With respect to the first prong of the *Strickland* analysis, Magistrate Judge Cott concluded that Mr. Segal had acted within the range of reasonable professional assistance when he challenged the admissibility of Mr. Tineo-Santos' video confession. (Report at 22–23). However, with respect to Mr. Tineo-Santos' written confession, Magistrate Judge Cott found that the First Department had unreasonably applied *Strickland*, since Mr. Segal's failure to challenge that confession was the result of an oversight, not a strategic decision, and therefore fell below an objective standard of reasonableness. (Report

2

at 23–26). Nonetheless, Magistrate Judge Cott concluded that the First Department's application of the prejudice prong of the *Strickland* analysis was not unreasonable because the record contains ample evidence, independent of Mr. Tineo-Santos' confession, to support his conviction. (Report at 26–30).

Both parties have objected to the Report. Respondent objects to Magistrate Judge Cott's finding that Mr. Segal failed to seek suppression of Mr. Tineo-Santos' written confession, arguing that therefore the performance prong of the *Strickland* test was not met with respect to the written statement. (*See* Respondent Objection at 2). Petitioner objects to Magistrate Judge Cott's finding that Mr. Segal acted within the range of reasonable professional assistance when he challenged the admissibility of Mr. Tineo-Santos' video confession *and* to the finding that Petitioner was not prejudiced by the failure to suppress the written and video statements. (*See* Petitioner Objection at 1).

## DISCUSSION

In reviewing a Report and Recommendation, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When objections have been made to the Report, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *U.S. ex rel. Anti-Discrimination Ctr. of Metro N.Y., Inc. v. Westchester Cnty., N.Y.*, 712 F.3d 761, 768 (2d Cir. 2013).

Having reviewed the submissions and conducted a *de novo* review, the Court overrules the objections of both parties. As a preliminary matter, the Court's review of the state court decision is highly deferential under both *Strickland* and section 2254(d)(1). Any determination of a factual issue made by a state court must be presumed correct unless the petitioner can show by clear and

convincing evidence that such presumption should not apply. *See* 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 571 U.S. 12, 18–19 (2013).

Under *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential" and there is a "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689. A federal court may not issue a writ of habeas corpus unless the Petitioner can show that the "state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002); *see also Calaff v. Capra*, 215 F. Supp. 3d 245, 250 (S.D.N.Y. 2016).

As such, to prevail on his habeas petition, Mr. Tineo-Santos must show both that his claim prevails under federal law *and* that the state court's application of federal law was objectively unreasonable. *See Waiters v. Lee*, 857 F.3d 466, 477 n.20 (2d Cir. 2017) ("[T]he Supreme Court has indicated that *double deference* is appropriate when evaluating *Strickland* claims governed by § 2254(d)." (emphasis in original)).

### I. Respondent's Objection Is Overruled

Respondent objects to the Report's finding that trial counsel failed to seek suppression of the written statement due to oversight, that the failure was not due to a strategic decision, and thus, Petitioner has satisfied the performance prong of the *Strickland* test with respect to the written statement. (Respondent's Objections at 2). Respondent contends that Mr. Segal was aware that the *Huntley* hearing involved the written statement, pointing to statements made by the Assistant District Attorneys at the hearing. (Respondent's Objections at 3–4). Of course, the fact that others were aware does not mean that Mr. Segal also was so aware. Moreover, the record supports the

conclusion that Mr. Segal "did not seem to grasp" that the *Huntley* hearing involved the written statement, because he did not believe the government intended to introduce it. (Report at 23–24.)

Respondent also contends that Mr. Segal challenged the written statement at the *Huntley* hearing since he asked questions about that statement when he cross-examined the Assistant District Attorney who took the video statement about the circumstances of the video statement. (Respondent's Objections at 4). However, it is clear from Mr. Segal's questioning and remarks at the trial proceeding that he did not know that the admissibility of the written statement was at issue in the *Huntley* hearing. In fact, as explained by Magistrate Judge Cott, when the written statement was admitted into evidence at the trial, Mr. Segal explicitly stated that it was his understanding that the *Huntley* hearing only involved the video statement, not the written statement. (*See* Report at 4–5; Trial Transcript ("Tr.") [ECF Nos. 14-2–14-5] at 169:13–170:20). Accordingly, it was unreasonable for the First Department to speculate on possible reasons why Mr. Segal may have wanted the written statement to be admitted into evidence and conclude that the failure to challenge was a strategic move, rather than the result of an obvious mistake, when it is clear from the record that his failure to challenge the written statement was the result of an oversight, not strategy. Counsel mistakenly believed the government would not seek to introduce the written statement. Respondent's objection is overruled.

## II. Petitioner's Objections Are Overruled

Petitioner objects to the Report's findings that the state-court's decision did not unreasonably apply *Strickland* when it found (a) that Mr. Segal's challenge of the video statement in the *Huntley* hearing was within the wide range of reasonable professional assistance and (b) that

5

there was sufficient additional evidence, independent of Mr. Tineo-Santos' statements, to support his second-degree murder conviction.

### A. Performance Prong of *Strickland*

Petitioner first contends, in connection with the video statement, that Mr. Segal's failure to present at the *Huntley* hearing any arguments or to call as a witness the detective who had taken Mr. Tineo-Santos' written statement amounted to an ineffective assistance of counsel. (Petitioner's Objections at 20–21). Specifically, Petitioner argues that Mr. Segal failed to adequately challenge whether the circumstances surrounding his first written statement were so coercive as to prevent him from making a voluntary confession in the subsequent video statement. (Petitioner's Objections at 21).

As Magistrate Judge Cott concluded, it is clear from the record that Mr. Segal did challenge the admission of the video statement at the *Huntley* hearing. (Report at 22; Huntley Transcript ("Huntley Tr.") [ECF No. 14] at 3:1–19:18). Mr. Segal cross-examined the Assistant District Attorney who took the video statement about whether Mr. Tineo-Santos understood the questions at the time of his statement, whether his statements were voluntary, and whether any threats or promises were made to Mr. Tineo-Santos. (Huntley Tr. at 8:1–19:18). Mr. Segal then rested on the record because he believed that the "video spoke for itself as to the issues at the *Huntley* hearing." (*See* Report at 22).

While Petitioner may disagree with this strategy, "the conduct of examination and cross-examination is entrusted to the judgment of the lawyer, and [a reviewing] court on a cold record should not second-guess such decisions unless there is no strategic or tactical justification for the course taken." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998); *see also United States v. Corley*, No. 13-CR-48 (AJN), 2020 WL 4676650, at *12 (S.D.N.Y. Aug. 11, 2020). Given this

highly deferential standard, the State Court's conclusion that Mr. Segal's representation fell within the wide range of reasonable professional assistance was not objectively unreasonable. Petitioner's objection to this finding is therefore overruled.

### B. Prejudice Prong of *Strickland*

Petitioner also contends that, but for the failure of his trial attorney to suppress the statements, there was a reasonable probability that the outcome of the case would have differed. (Petitioner's Objections at 22–23). Specifically, Petitioner contends that Mr. Tineo-Santos' statement was the only *direct* evidence of his intent. (Petitioner's Objections at 22).

As Magistrate Judge Cott concluded, the record contains sufficient evidence, independent of Mr. Tineo-Santos' statements, to support the finding by the state court that there was enough evidence for a jury to convict and Petitioner was not prejudiced by counsel's purported failures. (*See* Report at 28–29). This includes evidence that Mr. Tineo-Santos and Mr. Pita were the only people in the taxi at the time of the shooting, that Mr. Pita was shot three times while driving, and that a gun was found near Mr. Tineo-Santos at the scene of the crime. On this record, it was not objectively unreasonable for the state court to conclude that there was sufficient additional evidence to support Mr. Tineo-Santos' second-degree murder conviction. *See Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996) ("Guilt beyond a reasonable doubt may be established entirely by circumstantial evidence."); *see also Lopez v. Superintendent of Five Points Corr. Facility*, No. 14-CV-4615 RJS JLC, 2015 WL 1300030, at *17 (S.D.N.Y. Mar. 23, 2015), *report and recommendation adopted*, No. 14-CV-4615 RJS JLC, 2015 WL 2408605 (S.D.N.Y. May 20, 2015). Accordingly, Petitioner's objections are overruled.

**CONCLUSION**

For the above reasons, the Court overrules the objections of both Petitioner and Respondent. The Report is ADOPTED in its entirety and Mr. Tineo-Santos' habeas petition is DENIED. The Court declines to issue a certificate of appealability because Mr. Tineo-Santos has failed to make a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. 2253(c)(2).

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date:  September 14, 2022
      New York, NY

                                       **MARY KAY VYSKOCIL**
                                       **United States District Judge**