UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO TINEO-SANTOS,

                Petitioner,

-against-

PAUL PICCOLO, *Superintendent of Southport Correctional Facility*,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/2022

1:19-cv-5038-MKV-JLC

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

    On September 14, 2022, this Court issued a Memorandum Opinion and Order ("the September 14 Order") adopting an Order and Report and Recommendation issued by Magistrate Judge James Cott on August 13, 2021 ("the August 13 Order"). [*See* ECF Nos. 53, 58.] Magistrate Judge Cott's August 13 Order (1) recommended that Petitioner's habeas petition be denied and (2) denied Petitioner's motion for reconsideration of an earlier opinion that Magistrate Judge Cott had issued on January 27, 2021 denying Petitioner's motion for leave to amend his habeas corpus petition. [ECF Nos. 30, 53.] This Court's September 14 Order did not address Magistrate Judge Cott's denial of the motion for reconsideration other than to explain in a footnote that the motion earlier had been denied and that neither party had objected. [ECF No. 58.]

    On October 20, 2022, Petitioner filed in the Second Circuit Court of Appeals a Notice of Appeal of this Court's September 14 Order. [ECF No. 61.] After the appeal was noticed, in a pro se letter dated October 10, 2022, but not docketed until November 10, 2022, Petitioner asks this Court for: (1) an extension of time to file a motion for reconsideration regarding the motion to amend, (2) an order instructing the Clerk to provide Petitioner with a certified copy of all documents entered in this case, and (3) an extension of time to submit a motion under Federal

Rules of Civil Procedure 59 and 60 to "alter/amend . . . the judgment entered on September 14, 2022." [ECF No. 65.]

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Accordingly, this Court will not pass upon issues "involved in the [pending] appeal." *Id.*

A. **Request for an Extension of Time to File a Motion for Reconsideration**

The motion for reconsideration is not at issue on appeal. The Notice of Appeal is limited to this Court's September 14 Order, and that Order only briefly mentioned in a footnote that Magistrate Judge Cott had resolved Petitioner's motion for reconsideration without objection. [ECF No. 61.] The Court may therefore consider Petitioner's request for an extension of time to file a motion for reconsideration.

The request is DENIED. Petitioner seeks an extension of time to file a motion for reconsideration of Magistrate Judge Cott's decision denying Petitioner's motion to amend. The relevant decision was issued by Magistrate Judge Cott on January 27, 2021—*nearly two years ago*. [ECF No. 30.] Moreover, Petitioner's former counsel already filed a motion for reconsideration of that decision in February 2021, which Magistrate Judge Cott denied well over a year ago, on August 13, 2021. [ECF Nos. 33, 53.]

It is unclear if Petitioner seeks to move for reconsideration of this nearly two-year-old decision under Federal Rule of Civil Procedure 59 or 60. Under either rule, the request is egregiously untimely. Under Rule 59, a petition must be filed "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Under Rule 60, the motion must "be made within a reasonable time" but in any event, "no more than a year after the entry of the judgment." Fed. R. Civ. P.

60(c)(1). Accordingly, the request for an extension of time to file *another* motion for reconsideration is DENIED.

**B.     Request for a Copy of Documents**

Petitioner's second request, for an order instructing the Clerk to provide Petitioner with a copy of all certified documents entered in this case is GRANTED IN PART. The Clerk of Court is directed to provide copies of the requested records to Petitioner in accordance with their standard practices. It appears from a review of the docket in this case that the Clerk of Court already may have done so.

**C.     Request for an Extension of Time to Submit a Rule 59 or Rule 60 Motion**

Petitioner's final request, for an extension of time to submit a motion "seeking reconsideration . . . of the judgment entered on September 14, 2022" pursuant to Rules 59 and 60 clearly implicates this Court's September 14 Order. Given the pending appeal, the Court DENIES without prejudice Petitioner's request for an extension of time to file a Rule 59 motion. *See Griggs*, 459 U.S. at 58; *see also* Fed. R. Civ. P 62.1(a)(2). The Court DENIES without prejudice the request for an extension of time to file a Rule 60 motion for the same reason. *Id.*

The Clerk of Court is respectfully requested to send a copy of this Order to the pro se Petitioner at the address of record.

**SO ORDERED.**

Date:  December 5, 2022
       New York, NY

MARY KAY VYSKOCIL
United States District Judge